UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:   93-470-CR-HOEVELER

UNITED STATES OF AMERICA,

vs.

LUIS URBINA,
         Defendant
_____/

### DEFENDANT'S MOTION FOR SPECIFIC KYLES AND BRADY INFORMATION AND MEMORANDUM OF LAW

      Defendant, LUIS URBINA, through counsel and pursuant to **Kyles v. Whitley**, 115 S.Ct. 1555 (1995), **Brady v. Maryland**, 373 U.S. 83 (1963), **United States v. Bagley**, 473 U.S. 667 (1985), and **Cardona v. State**, 826 So2d 968 (Fla. 2002) respectfully moves for the entry of an order compelling the government to disclose and provide:

    1.    Any **inconsistent** statements or interviews given to any law enforcement agency about this case or any other case by Harold Ackerman.

    2.    Any promises, implicit or explicit, for favorable treatment or for any benefit made to Harold Ackerman.

## BACKGROUND

A cooperating witness, **Harold Ackerman**, implicated the Defendant in the above offense. **Ackerman** has provided information to police about a number of crimes, and has previously testified on behalf of the Government pursuant to a plea agreement.

## MEMORANDUM OF LAW

The Defendant is entitled to any statement, information or document provided by any witness that is inconsistent in part or in whole with:

(1) Any previous statement, comments or interview to any law enforcement official or in the possession of the government,

(2) The statement of another witness, in whole or in part, regardless if either of these witnesses are to be called by the government,

(3) The witness's anticipated trial testimony.

These conflicting statements are not only exculpatory, but are also impeachment and must be provided by the government, **Brady v. Maryland**, 373 U.S. 83, 87 (1963); **United States v. Lloyd**, 992, F.2d. 348, 351 (D.C. Cir. 1993); **United States v. Bagley**, 473 U.S. 667 (1985).

Thirty years ago, in **Schneider v. Estelle**, 552 F.2d 593, 595 (5th Cir. 1977), the court held that the government's failure to disclose a prior statement that was inconsistent with the testimony of the government's key

trial witness was reversible error. Also, in **United States v. Martino**, 648 F.2d 367, 384 (5th Cir. 1981), the court stated:

> As impeaching evidence, the prior inconsistent statement would fall within disclosure requirements because **Brady** encompasses impeachment evidence as well as evidence favorable to the accused on the issue of guilt.

Additionally the Court in **Jones v. Jago**, 575, F.2d 1164, 1166, (6th Cir. 1978), cert. denied 439 U.S. 883 (1978), found that a witness' statement to the government, while not expressly exonerating the defendant and which made no reference to the defendant's presence or participation in the offense, was **Brady** material and that the failure to disclose such a statement required the reversal of the conviction. Id. at 1164. This type of **Brady** material, though negative or neutral in character, is critical to the defense.

In **Kyles v. Whitley**, the Supreme Court addressed the responsibility of the government in marshaling evidence favorable to the defense, holding that a prosecutor has an affirmative duty to inquire promptly of all agencies involved in the case as to whether such evidence favorable to the defense exits. Id . At 1567-69, Justice Souter described this duty as follows:

> **While the definition of Bagley materiality in terms of the cumulative effect of suppression must accordingly be seen as leaving the government with a degree of discretion, it must also be understood as imposing a corresponding burden. On the one side, showing that the prosecution knew of an item of favorable evidence unknown to the defense does not amount to a Brady violation, without more. But the prosecution, which alone can**

**know what is undisclosed, must be assigned the consequent responsibility to gauge the likely net effect of all such evidence and make disclosure when the point of "reasonable probability" is reached. This in turn means that the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police. But whether the prosecutor succeeds or fails in meeting this obligation (whether, that is, a failure to disclose is in good faith or bad faith, see Brady, 373 U.S., at 87, 83 S.Ct. At 1196-1197), the prosecution's responsibility for failing to disclose known, favorable evidence rising to a material level of importance is inescapable.**

**This means, naturally, that a prosecutor anxious about tacking too close to the wind will disclose a favorable piece of evidence. See Agurs, 427 U.S. at 108, 96 S.Ct. at 2399-2400 ("[T]he prudent prosecutor will resolve doubtful questions in favor of disclosure").This is as it should be. Such disclosure will serve to justify trust in the prosecutor as "the representative of a sovereignty… whose interest… in a criminal prosecution is not that it shall win a case, but that justice shall be done." Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.E.d. 1314 (1935). And it will tend to preserve the criminal trial, as distinct from the prosecutor's private deliberations, as the chosen forum for ascertaining the truth about criminal accusations…The prudence of the careful prosecutor should not therefore be discouraged. Id. (emphasis added).**

**Kyles** is not the first case to place an affirmative duty on prosecutors to search for such the discrepancies and impeaching information regarding witnesses. In **United States v. Osorio**, 929 F.2d 753 (1st Cir. 1991), the Court held that a prosecutor charged with discovery obligations cannot avoid finding out what "the government" knows [about the witness] simply by declining to make reasonable inquiry of those in a position to have relevant knowledge… The government, as represented by its prosecutors in court, is under a duty of inquiry regarding information concerning the criminal past of its cooperating witnesses." Id. at 760.

Furthermore, it has been recognized that "the duty of disclosure under Brady extended not only to the government's knowledge of concrete exculpatory information, but also to facts from which other exculpatory information could be inferred, i.e., facts which could constitute the "tip of the iceberg" of other Brady evidence". United States v. Burnside, 824 F,Supp. 1215 (N.D.Ill. 1993), citing United States v. Shaffer, 789 F.2d 682 (9th Cir.1986). See also, Bowen v. Maynard, 799 F.2d 593 (10thCir.1986)("evidence in the hands of a competent defense attorney may be used to uncover other leads and defense theories"). Unless the requested materials are promptly disclosed, we will not have sufficient time to "uncover [such] other leads and defense theories" or to fully explore the questions raised about the witness's mental competence.

All doubts as to our entitlement to this relief must be resolved in the Defendant's favor. See, i.e., United States v. Ramirez, 608 F.2d 1261 (9th Cir. 1979)("reasonable doubts should be resolved in favor of disclosure"), United States v. Johnson, 840 F.Supp. 634 (E.D.Wis. 1993)("All doubts should be resolved in favor of disclosure. A prosecutor will never get in trouble for disclosing too much. When everything is not disclosed, a prosecutor is asking for trouble"), United States v. McVeigh, 954 F. Supp. 1454 (D. Colo. 1997)("Doubts must be resolved in favor of disclosure").

The prosecution's duty to disclose any Brady/Kyles/Giglio information in its possession cannot be contested. This alone does not fulfill the Government's burden, however. Simply, "[a] prosecutor's office cannot get around Brady by keeping itself in ignorance, or compartmentalizing information about different aspects of a case". Carey v. Duckworth, 738 F.2d 875 (7th Cir. 1984). As the District Court in the McVeigh case noted:

**The lawyers appearing on behalf of the United States, speaking for the entire government, must inform themselves about everything that is known in all of the archives and all of the data banks of all of the agencies collecting information which could assist in the construction of alternative scenarios to that which they intend to prove at trial. That is their burden under <u>Brady</u>. They must then disclose that which may be exculpatory under the materiality standard of <u>Kyles</u> ….   The failure to comply with a constitutional command to present evidence fairly at trial is not excused by any inconvenience, expense, annoyance or delay. Determining materiality of information discoverable under Rule 16 or required to be produced under Brady must not be made according to a cost benefit analysis (emphasis added).**

The fundamental rationale for this strict requirement is provided by the Court in **Kyles** - a defendant's constitutional right to a fair trial:

> ...[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police.
>
> …………………..
>
> The State ... pleads that ... it should not be held accountable under Bagley and Brady for evidence known only to police investigators and not to the prosecutor. To accommodate the State in this manner would, however, amount to a serious change of course from the Brady line of cases.

The government has an institutional responsibility to canvass all sources relied upon in it's prosecution, including any all local, state and federal law enforcement agencies. **Kyles v. Whitley**; **United States v. Brooks,** 966 F.2d 1500, 1503 (D.C. Cir. 1992).  The State has an **ongoing** duty to disclose exculpatory evidence," as well as any impeachment evidence that is likely to cast doubt on the reliability of a witness whose testimony may well be determinative of guilt or innocence."  U .S. v. Jordan, 316 F.3d 1215, 1253 (11th Cir. 2003), relying upon U.S. v. Bagley, 473 US at 676-77 (1985)   This material must be disclosed in time to permit counsel to use it effectively in cross-examining the witness. Id.

WHEREFORE, for the reasons aforestated, the Defendant moves the Court to grant this Motion.

**Respectfully submitted,**

_XDSM_____
David S. Markus, Esquire
Florida Bar # 331120
1501 N.W. 14th Street
Miami, Florida 33125
(305) 545-0803

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by CMF to Assistant United States Attorney Eric Morles, United States Attorney's Office, 99 N.E. 4th Street, Miami, Fl 33132, on this 5th day of July, 2007.

_XDSM_____
David Scott Markus, Esq.
Florida Bar # 331120
Miami, Florida 3312
(305) 545-0803